## BITUMINOUS CASUALTY CORPORATION, IN RE: JOSEPHINE MEYER, WIDOW OF EARL J. MEYER, DECEASED EMPLOYEE, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY.

167 N. W. (2d) 741.

May 2, 1969—No. 41324.

*Robb & Van Eps* and *William M. Robb,* for relator.

*Jardine, Logan & O'Brien* and *Donald M. Jardine,* for respondent.

SHERAN, JUSTICE.

Certiorari to review a decision of the Workmen's Compensation Commission.

Apportionment proceedings were instituted by the Bituminous Casualty

Corporation against Hartford Accident and Indemnity Company pursuant to Minn. St. 176.66, subd. 5, which provides in part:

"The total compensation due for occupational disease is recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted. If such disease was *contracted* while such employee was in the employment of a prior employer, the employer who is made liable for the total compensation * * * may appeal to the commission for an apportionment of such compensation among the several employers who, since the *contraction* of such disease, employed such employee in the employment to the nature of which such disease was due." (Italics supplied.)

The Workmen's Compensation Commission found in Hartford's favor. The right of Bituminous to apportionment depends on whether an occupational disease which disabled Earl J. Meyer in 1960, when Bituminous was the insurer of Meyer's employer, was "contracted" during the period from January 1, 1950, to January 1, 1955, when Hartford was the insurer of Meyer's employer. In Meyer v. A. B. McMahan Co. Inc. 269 Minn. 73, 130 N. W. (2d) 46, we held that where different insurers are involved, the fact that the employer is the same does not preclude apportionment.

If the word "contracted" as used in the apportionment section of the statute (§176.66, subd. 5) is to be given the same meaning as was assigned to this word as used in § 176.66, subd. 3,[1] by our decision in Anderson v. City of Minneapolis, 258 Minn. 221, 103 N. W. (2d) 397, Bituminous is not entitled to apportionment as against Hartford and the Workmen's Compensation Commission must be affirmed. This is so because in the Anderson case we held that an occupational disease is "contracted" when it manifests itself so as to interfere with bodily functions to such an extent that the employee can no longer substantially perform the duties of his employment.

---

[1] Minn. St. 176.66, subd. 3, provides: "Neither the employee nor his dependents are entitled to compensation for disability or death resulting from occupational disease, unless such disease * * * was *contracted* [in his employment] within 12 months previous to the date of disablement, * * *." (Italics supplied.)

While Meyer was exposed to conditions which caused his occupational disease during the period from 1950 to 1955, there was not during that period any such manifestation of the disease as to interfere with his bodily functions in a disabling way.

We have concluded that the word "contracted" as used in § 176.66, subd. 5, must be given the same meaning as it has been given in the context of § 176.66, subd. 3, because of our decision in Corcoran v. P. G. Corcoran Co., Inc. 245 Minn. 258, 272, 71 N. W. (2d) 787, 796, where we said in denying apportionment pursuant to § 176.66, subd. 5:

"* * * Under the circumstances the words 'contract' or 'contracted,' when used in connection with the occupational disease involved, based upon the within state of facts, can have no different interpretation under M. S. A. 176.66, subd. 5, than it has received and which this court has followed here in applying M. S. A. 1945, § 176.66, subd. 3."

Affirmed.